**NOT FOR PUBLICATION**

NOV 30 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIAN DEON HUNTER, | No.    15-55265 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-09224-ODW-FFM |
| v. | |
| WARREN MONTGOMERY, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted August 1, 2016[**]
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges, and WHYTE,[***] Senior District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald M. Whyte, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Adrian Deon Hunter appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his California conviction for four counts of second degree robbery and one count of street terrorism. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The California Court of Appeal reasonably determined that Hunter's trial counsel did not render ineffective assistance by failing to object to the admission of a minute order containing co-defendant Maurice Lotten's no-contest plea. "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). Because the minute order was admissible under California law, trial counsel's failure to object to the minute order's admission did not constitute deficient performance. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) ("[T]rial counsel cannot have been ineffective for failing to raise a meritless objection.").[1]

---

[1] Hunter expressly waived his claim that the admission of the minute order violated the Confrontation Clause in his opening brief. *See Styers v. Schriro*, 547 F.3d 1026, 1028 n.3 (9th Cir. 2008) (per curiam) (finding that certified allegations not addressed in appellant's opening brief were waived). Whether or not that waiver affected the claim of ineffective assistance of counsel is immaterial as the failure to object on that ground would in any event not constitute ineffective assistance of counsel.

Moreover, the Court of Appeal reasonably concluded that there was no "reasonable probability" that, but for trial counsel's failure to object to the admission of the minute order, "the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). First, the evidence of the robberies was overwhelming: several witnesses testified that the robberies occurred, and one robbery was captured by video surveillance. Second, the prosecution presented ample evidence of Lotten's participation in the robberies: several witnesses identified Lotten as one of the perpetrators, and the prosecution's gang expert identified Lotten as the gunman in a video recording of one of the robberies. Finally, other evidence independently established the association between Hunter and Lotten and Hunter's gang membership.

**AFFIRMED.**